## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

K.A.E.
by next friends and legal and natural parents
Erika Britton and Washeen Evans,

        Petitioner,

v.                                                     Case No. 10-CV-1033

TOM WANTA,
MEGAN LINDBERG,
and JOHN DOE,

        Respondents.

## ORDER

On November 18, 2010, petitioner K.A.E., a minor, by and through next friends and parents, filed a Petition for Writ of Habeas Corpus. (Docket #1). The petition alleges that K.A.E. is being held in state custody in violation of the Constitution or laws of the United States. The petition alleges that K.A.E. is being illegally held by a Wisconsin state juvenile detention center. The petition further alleges that K.A.E. is currently receiving ineffective assistance of counsel in state juvenile court proceedings.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." R. Gov. Section 2254 Cases in the U.S. District Courts, R. 4. This standard allows a court

to dismiss for failure to state a claim or where a petition is factually frivolous. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Thus, the court will analyze whether the petitioner has timely filed, exhausted available state remedies, avoided procedural default, or set forth cognizable constitutional or federal law claims.

Under 28 U.S.C. § 2254, which authorizes federal habeas remedies for persons in custody "pursuant to the judgment of a State court," an application for a writ may not be granted unless the applicant has exhausted available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). When state court proceedings are pending, the exhaustion requirement is generally considered unsatisfied. *Tran v. Barrow*, 210 Fed. App'x 538, 539-40 (7th Cir. 2006) (affirming dismissal for failure to exhaust where petitioner was in detention pending trial and state court had not ruled on a motion to dismiss); *see also Hollins v. Gramley*, 48 F.3d 1221 (table), 1995 WL 104415, at *2 (7th Cir. 1995) ("It makes no sense to permit parallel state and federal proceedings" where state post-conviction petition was pending); *United States ex rel. Hoover v. Franzen*, 669 F.2d 433, 445 (7th Cir. 1982) ("By requiring a petitioner to exhaust his claims in state court, Congress has obviously evinced a preference for initial state court litigation of federal claims.").

To begin, the court may dismiss the action simply under the plain language of § 2254; that is, there is no "judgment of a State court" to speak of. The state charges have not even been adjudicated yet. However, even were the petition proper in this most basic sense, the petitioner has failed to exhaust state remedies.

While the petition alleges that ineffective state court counsel prevents remedy of K.A.E.'s detention, those proceedings remain ongoing and thus a potential remedy remains unexhausted. The alleged ineffectiveness of counsel has yet to manifest when the outcome of the state proceeding is unknown. Petitioner has shown no other facts suggesting that a state remedy is somehow unavailable or ineffective.[1] As such, the court must summarily dismiss the petition, and will do so without prejudice. If in the future K.A.E. remains in state custody after the exhaustion of state remedies, such charge of ineffective assistance of counsel, or other viable claims, may be considered in federal court – but not before then.

As to a certificate of appealability, a district court must normally grant or deny a certificate of appealability after entry of "a final order adverse to the applicant." Rules Governing Section 2254 Proceedings in the United States District Courts, R. 11(a). However, a dismissal without prejudice for failure to exhaust is not an appealable final order. *Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004). Thus, the court is not properly confronted with the issue.

Accordingly,

---

[1] *See* 28 U.S.C. § 2254(b)(1)(B) (exhaustion not required where absence of state process or circumstances render process ineffective).

**IT IS ORDERED** that the petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED** and the case is **DISMISSED without prejudice**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of November, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge